In the Matter of the Arbitration between AARON A. LINNE, Appellant, and STUYVESANT CONSTRUCTION · CORP., Respondent.

The record discloses that the written contract was extended and continued in force until a new salary arrangement was made in May, 1941. There was no proof to show any cancelation or release of petitioner's right to profits, if any, earned up to that date. Therefore, petitioner was entitled to arbitration for the purpose of ascertaining his share of the profits, if any, from July 25, 1940, to May, 1941. The judgment appealed from should be modified accordingly.

DORE, J. (dissenting). The issue of the defense of cancelation was an issue that ordinarily would be submitted to the arbitrators for decision. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) But in this case the petitioner-appellant in his resettled form of order expressly submitted to the Supreme Court for trial not only the existence of the agreement to arbitrate but also whether that contract " was abrogated and cancelled by mutual agreement." The record evidence amply supports the trial court's finding that the agreement was abrogated by mutual consent. The only fair inference from all the testimony is that the new salary arrangement granted by the employer to the employee at his request in May, 1941, was in substitution of any and all rights under the former agreement.

While the first conclusion of law is inconsistent with findings of fact (3) and (4), the ultimate conclusion that the contract was abrogated and petitioner was not entitled to arbitration was in accordance with the evidence on the issue voluntarily submitted to the decision of the court.

Accordingly, I vote to affirm.

Martin, P. J., Untermyer and Callahan, JJ., concur in decision; Dore, J., dissents in opinion in which Cohn, J., concurs.

The record discloses that the written contract was extended and continued in force until a new salary arrangement was made in May, 1941. There was no proof to show any cancelation or release of petitioner's rights to profits, if any, earned up to that date. Therefore, petitioner was entitled to arbitration for

the purpose of ascertaining his share of the profits, if any, from July 25, 1940, to May, 1941. The judgment should be modified accordingly. Settle order on notice. [See *post*, p. 1027.]