In the Matter of the Arbitration between MOTOR HAULAGE COMPANY, INC., Petitioner, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, TRUCK DRIVERS AND CHAUFFEURS, LOCAL No. 807, Respondent.

Supreme Court, Special Term, New York County, April 3, 1947.

*Herbert Burstein* and *Maurice Firel* for petitioner.

*Louis B. Boudin* and *Daniel W. Meyer* for respondent.

EDER, J. Motion to confirm award denied.

With respect to the contention of the respondent that the collective bargaining agreement expired on August 31, 1946, and that the arbitrator was without power to act thereafter, I am of opinion that this point is untenable. It appears that prior to that time, to wit, on or about May 31, 1946, petitioner made claim to the arbitrator for damages due to the work stoppage. The fact that the arbitrator did not proceed to act thereon until November, 1946, did not prevent him from proceeding to consider the claim. By the mentioned letter arbitration proceeding was set in motion and it was for the arbitrator to proceed thereon within a reasonable time, depending upon the circumstances; his powers to act continued until and only terminated with the delivery of the award (*Flannery* v. *Sahagian,* 134 N. Y. 85).

The question which I regard as being the critical one is whether the premise upon which the arbitrator awarded damages against the respondent-union is a sustainable one.

The parties agreed, i.e., employer and the union, by article 26, to the following effect: " No strikes, lockouts or walkouts shall be ordered or enforced by either party hereto against the other during the life of this agreement * * *."

On April 9 and 10, 1946, an all-day stoppage occurred; a large number of members of the union who were employees of the petitioner participated therein; this was not occasioned by any dispute between the petitioner and the respondent union; it was the result of an intra-union dispute.

This work stoppage was not ordered or sanctioned by the officers of the union; these members on their own initiative acted as they did. Their unauthorized action was promptly repudiated; the respondent, in its union monthly bulletin for the month of May, 1946, entitled " The 807 Teamster ", referred to the stoppage as " an illegal and unauthorized stoppage of work."

The arbitrator, nonetheless, proceeded upon the premise that the union, as such, is required to respond in damages for the loss suffered by the employer during the work stoppage. He states the respondent's position, thusly: " The Union contends, in substance, that it should not be held responsible

for the personal acts of its individual members, and that the Union, as such, should not be held liable for breaches of contract that are not 'ordered or enforced,' or participated in, by duly elected officials of the Union itself.''

The arbitrator, admitting there is no proof that the work stoppage was the result of an order or sanction of the officers of the union, seems to suspect that they impliedly approved of the stoppage since they could have taken disciplinary measures against the offending members, and in the omission to take steps to supply the employer with other men. He says that there are factors which make it apparent that '' although the Union officials may not have ' ordered and sanctioned ' the work stoppage in question,'' they certainly participated in and shared some of the overall responsibility for its continuance.

This is an inconsistent statement and contrary to the facts as reported by the arbitrator. He then says that entirely aside from such considerations, he feels that in a situation like that here present, where a large part of the union members participated, the union should be held liable in damages for the acts of individual members and has proceeded on that theory. He says, further, that unless this view is taken, the innocent employer '' would be without remedy of any kind because he could not prove that the Union, as such, had ' ordered or sanctioned ' the walkout.''

I am unable to concur. To subscribe to the above theory and views is to disregard the union as an entity and subject nonoffending members to punishment and penalty for the wrongful acts of others. To say that the employer would be without remedy seems to me to be a specious argument; like any other case, if one seeks to recover damages and cannot prove his case, he is not entitled to recover .

The contention of the respondent, quoted *supra,* I regard as sound.

In *Russell & Sons* v. *Stampers & Gold Leaf L. U. No. 22* (57 Misc. 96) the court recognized the union as a separate entity and held that the unlawful acts of certain members did not *ipso facto* bind the union. The court said (p. 102) : '' Each of the defendant association unions is an entity recognized by law. * * * No authority holding that the unlawful acts of one or more members of a voluntary association, *ipso facto* bind the association has been called to my attention. Conclusive proof should appear upon which to base the charge that the defendant associations, *as such,* promoted or ratified the acts complained of * * *.''

I am in accord with these views.

Upon the record presented the award of damages was unauthorized and the arbitrator exceeded his power in making the award for the reasons given by him. Settle order.