In the Matter of the Arbitration between LIONEL LANE, as President of Endicott Leather Workers' Union, Local 285, International Fur and Leather Workers' Union of the United States and Canada, C.I.O., Respondent, and ENDICOTT JOHNSON CORPORATION, Appellant.— Appeal by employer from an order of the Broome Special Term of the Supreme Court directing it to proceed to arbitration of certain disputes with petitioner pursuant to the arbitration provisions of a collective bargaining agreement. The agreement in question provided for

the arbitration of all disputes and grievances between the employer and the union. This agreement contained the usual provisions regarding wages, hours and employment conditions. In January, 1947, a dispute arose between the parties concerning the wages to be paid to rollers in the sole leather tannery. The petitioner demanded that the dispute be submitted to arbitration. The employer contended that the dispute was not arbitrable. After months of delay the rollers stopped work on March 20, 1947, to enforce their demands. This stoppage was settled on April 1, 1947, by a written agreement. Under the agreement the employer agreed to submit the wage dispute to arbitration. This is one of the two disputes which petitioner seeks to have arbitrated. Upon the return of the rollers to work on April 2, 1947, the employer discharged three of them as the alleged instigators of the work stoppage. The petitioner protested and demanded arbitration. This arbitration has not yet been conducted and is the second subject involved here. Thereafter the employer designated its two representatives of the five-man board of arbitration. Petitioner nominated its two members, but the parties were unable to agree upon a fifth member. Matters continued in this state until the contract expired on June 1st. On June 12, 1947, the employer notified the union that in view of the expiration of the contract, it no longer considered itself obligated to arbitrate these disputed matters. The Special Term held that the duty to arbitrate the dispute which arose during the term of the agreement survived the expiration thereof. The only issue in a proceeding of this character is whether a contract to arbitrate was in fact made and whether there is a refusal to proceed to arbitrate. The fact that the contract is no longer in existence is immaterial (*Matter of Behrens* [*Feuerring*], 296 N. Y. 172; *Matter of Linne* [*Stuyvesant Constr. Corp.*], 268 App. Div. 982; *Matter of Motor Haulage Co.* [*Local 807*], 189 Misc. 152; *Matter of Lipman*, [*Haeuser Shellac Co.*], 289 N. Y. 76, motion for reargument denied 289 N. Y. 647). In its order the Special Term properly directed that the arbitration be limited and restricted to so much of the said grievances as were pending during the life of the said contract, and in no event, beyond midnight, May 31, 1947, and the powers of the arbitrator, to be designated as hereinafter provided, are restricted and limited accordingly. Order unanimously affirmed, with $50 costs and disbursements. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ. [See *post*, p. 855.]