## CARDENAS v. WILSON & CO., Inc.
### No. 3973.

United States Court of Appeals
Tenth Circuit.
Feb. 17, 1950.

James E. Grisgsby, Oklahoma City, Okl., for appellant.

Frank G. Anderson, Oklahoma City, Okl. (Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Frank Cardenas, a former employee of Wilson & Company, brought this action for damages based upon an alleged breach of a plant labor agreement between Wilson & Company, as employer, and the Employees Representative Committee, acting in behalf of appellant and other employees of the Company. Prior to the date of the alleged breach of contract, Wilson & Company was ordered by the National Labor Relations Board to disestablish the Employees Representative Committee as the bargaining agent of its employees and cease giving effect to the plant labor agreement. On appeal from an order dismissing the complaint, we are asked to determine the effect of the Board's order on the rights and obligations of the parties under the agreement.

Appellant entered the employ of Wilson & Company at its Oklahoma City plant as a laborer in 1917, and was continuously employed until October 15, 1948. Within that period, and in July 1943, this plant labor agreement was entered into between the Employees Representative Committee and the appellee employer. The agreement was to continue in effect until June 1, 1944, and from year to year thereafter, subject to change upon thirty days notice prior to the first day of June each year.

As the result of a hearing, based upon unfair labor charges, the National Labor Relations Board in August 1945 ordered the appellee employer to cease and desist from recognizing the Employees Representative Committee as the bargaining agent of its employees, and "from giving effect to the plant labor agreement, or to any extension, renewal, modification, or supplement thereto." The order of the Board was affirmed by this court in August, 1946, Wilson & Co. v. National Labor Relations Board, 156 F.2d 577, and on February 1, 1947, appellee posted the statutory notice to its employees, stating its compliance with the Board's order.

On October 15, 1948, appellant, while working for appellee, sustained a personal injury, disabling him until December 2, 1948. On and since that date appellee has refused him employment. Appellant brought this action, alleging that appellee's refusal of employment constituted a breach of the plant agreement. He further alleges that the Board's order did not terminate the agreement as to the employees; that it was in effect at the time this action arose, and seeks to recover what his earnings would have been from the time employment was refused until he reached the age of retirement.

Appellant does not deny the power and authority of the Board to enter the order

it did, insofar as it operates to deprive the employer of any advantages it might have gained by unfair labor practices, but contends that the order, in all of its jurisdictional depth and breadth, did not deprive the plant labor agreement of its validity insofar as it affected the rights of the individuals under it. In other words, he takes the position that his individual rights under the labor agreement survived its nullification, and that they are enforceable in the courts as a valid contract between the employer and employee. In support of this contention he relies mainly upon the decision of the Supreme Court in J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 64 S.Ct. 576, 580, 88 L.Ed. 762; National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799; Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.

In the J. I. Case Company and National Licorice Company cases, supra, the Supreme Court was asked to consider the relation between lawful individual employment contracts and collective bargaining agreements, in the collective bargaining process, set up by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. In each of the cases the court recognized the "existence of some scope for individual contracts" so long as they were not used to defeat, delay or limit collective bargaining, and held that where individual contracts existed the Board was without power to adjudicate the validity or effect of such contracts, except as to their effect on matters within its jurisdiction. In the Consolidated Edison Company case, supra, the Supreme Court denied authority of the Board to set aside a collective bargaining agreement, in the absence of a finding that such agreement was the consequence of unfair labor practices under Section 8(2) of the National Labor Relations Act.

Appellant does not plead an individual contract of employment as in J. I. Case Company, supra, or an agreement negotiated through a bargaining agent and signed by each and every employee individually as in National Licorice Company, supra. Neither does he allege that the collective bargaining agreement was by its terms, or any other stipulation, incorporated into his contract of employment, so as to entitle him to enforce inter se the terms thereof. Rather he bases his cause of action upon an agreement entered into between his employer and the Employees Representative Committee, acting for all employees collectively.

Appellant's rights as to matters within the scope of the collective interest were fixed by the terms of the bargaining agreement—they persisted during the life of the agreement, they ended when the agreement was legally terminated by the National Labor Relations Board. System Federation No. 59 v. Louisiana & A. R. Co., 5 Cir., 119 F.2d 509; Yazoo & M. V. R. Co. v. Webb, 5 Cir., 64 F.2d 902. Cf. Elgin, J. & E. Ry. Co. v. Burley, 327 U.S. 661, 66 S. Ct. 721, 90 L.Ed. 928; Beeler v. Chicago, Rock Island & Pacific Railway Co., 10 Cir., 169 F.2d 557; Hughes Tool Co. v. National Labor Relations Board, 5 Cir., 147 F.2d 69, 158 A.L.R. 1165.

In the absence of a contract restricting or controlling the employer-employee relationship, appellee was under no legal duty to recognize seniority rights or a claim to employment based thereon.

The judgment is affirmed.