## McCLOSKEY v. DIVISION OF LABOR LAW ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, CALIFORNIA.

### No. 13102.

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1952.

Frank C. Weller, Hubert F. Laugharn, Thomas S. Tobin and C. E. H. McDonnell, Los Angeles, Cal., for appellant.

Pauline Nightingale, Edward M. Belasco and Leon Berger, Los Angeles, Cal., for appellee.

Before DENMAN, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

The primary question in this case is whether severance or dismissal pay, in lieu of notice, constitutes wages entitled to priority under § 64(a)(2) of the Bankruptcy Act, or to lien status under § 1204 of the California Code of Civil Procedure. A secondary question is whether, if considered wages, the pay was earned within three months of the date of the commencement of the bankruptcy proceeding.[1]

The bankrupt, a wholesale grocery company, on June 2, 1950 made a general assignment for the benefit of its creditors. Thereafter, on July 21, 1950, an involuntary petition was filed against it and an adjudication followed. In the bankruptcy proceedings six employees, through the interpositon of appellee, claimed severance pay. These employees had been discharged solely in consequence of the assignment for the benefit of creditors and the discharges had occurred within the statutory ninety-day period. The district judge, reversing a ruling of the referee, ordered the allowance of the claims as preferred claims for wages, and the trustee has appealed.

The bankrupt had a contract with a union to which the employees belonged. The contract provided: "Except for dishonesty, drinking on the job, or gross insubordination, the employer shall give one week's no-tice or one week's pay in lieu thereof when discharging or laying off an employee. Employees desiring to quit their job shall give the employer one week's notice." Notice of discharge was not given any of the employees.

■■ We think no violence is done the spirit or letter of § 64(a)(2) by according preference to these claims as wages. Obviously the contract entitled the unoffending employee to a week's notice of discharge, or to a week's wages if notice of discharge was not given him. The arrangement allowed him in either event a week's time in which to seek other employment and assured in the interim the continuance of his wages. It was an entirely reasonable and enlightened arrangement. Compare In re Public Ledger, 3 Cir., 161 F.2d 762. Another helpful case is our decision in Division of Labor Law Enforcement v. Sampsell, 9 Cir., 172 F.2d 400, involving the question of vacation pay.

■ The trustee points out that to be entitled to preference the wages must be shown to have been earned within the three months next preceding bankruptcy; and he argues that the severance pay here, if earned at all, was earned at the instant of hiring. We are unable to agree. The right to the severance wages arose only on the happening of the contingency specified in the contract. The week's pay became earned upon the failure of the employer to give the week's notice. The severance pay in lieu of notice is the wages earned for the period the employee would have worked if the prescribed notice had been given him.

Affirmed.

1. Section 64(a)(2) reads in part as follows: "(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (2) wages not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, * * *." 11 U.S.C.A. § 104(a)(2).