Van Voorhis, J.'
(dissenting). Brooklyn Eagle, Inc., has appealed from an order of the Appellate Division insofar as it granted a motion by Newspaper Guild of New York, Local 3, to compel arbitration of claims for severance pay, notice of dismissal pay and vacation pay. On March 16, 1955 the Brooklyn Eagle went out of business permanently and notified its employees to that effect. It has been ordered to submit to arbitration under a collective bargaining agreement that had previously expired, except for a clause providing that if negotiations were begun for its renewal prior to expiration (as they were), “ status quo conditions shall be maintained during negotiations unless and until such negotiations are terminated by either party.” Such negotiations continued until the Guild members struck on January 28, 1955 in violation of a no strike clause. This effectively terminated the status quo conditions. As Justice Hecht said at Special Term: “A ‘ status quo ’ binding only on the employer was manifestly not what was intended by the contractual provision for continuation of the ‘ status quo ’ pending negotiations ” (italics from original).
The Appellate Division’s opinion concedes: “On January 28, 1955, the Guild called a strike and the employees quit work. Up to that time the status quo had been maintained. Negotiations continued until March 8, 1955, when they terminated.”
The negotiating committee of the Guild refused to meet in joint session with the Brooklyn Eagle’s negotiating committee on March 8, 1955. Refusal to meet with the negotiators of the other party constituted, as matter of law, termination of such negotiations “ by either party ”, which ended the life of the labor contract according to its own terms not later, in any event, than March 8, 1955. The employees were discharged one week later upon the announcement of the decision of the newspaper to retire from business.
Upon the same day, the Guild demanded, among other matters, severance pay, notice of dismissal pay and vacation pay. When payment was refused, the Guild demanded that the controversy be arbitrated.
Subdivision (b) of section 21 of the agreement contains a general arbitration clause of: “Any dispute, claim, grievance or difference arising out of or relating to this agreement which the Guild and the Publisher have not been able after reasonable effort to settle
*562 Both Special Term and the Appellate Division held that none of these claims is required to be arbitrated unless it accrued while the contract was in force. It is, of course, the law that the circumstance that a contract is ended does not prevent the arbitration of issues which arose before its termination (Matter of Lane [Endicott Johnson Corp.], 274 App. Div. 833, affd. 299 N. Y. 725). In order to render that rule applicable, however, the asserted rights must have grown out of the contract while it was in effect.
It cannot be disputed on any version of the facts that this contract ended January 28 or at the latest March 8, 1955.
A collective bargaining agreement is not different from other contracts in these regards (System Federation No. 59 of Ry. Employees v. Louisiana & Ark. Ry. Co., 119 F. 2d 509; Paterson Parchment Paper Co. v. International Brotherhood of Paper Makers, 191 F. 2d 252, cert. denied 342 U. S. 933; Cardenas v. Wilson & Co., 180 F. 2d 828, cert. denied 304 U. S. 812), and arbitration' clauses in labor contracts are specifically held to be binding with respect only to controversies which had their origin during the life of the contract (Matter of Lane [Endicott Johnson Corp.], 274 App. Div. 833, affd. 299 N. Y. 725, supra, cert. denied 338 U. S. 892; Alpert v. Admiration Knitwear Co., 304 N. Y. 1).
The decisive factor is whether the Rroohlyn Eagle’s employees became legally entitled to these fringe benefits before the contract terminated on January 28 or at the latest March 8, 1955. If liability for these items attached after the agreement ended, there is no arbitrable dispute and the application to compel arbitration should be denied (Matter of General Elec. Co. [United Elec. Workers], 300 N. Y. 262; Matter of Essenson [Upper Queens Med. Group], 307 N. Y. 68; Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, affd. 297 N. Y. 519).
Special Term allowed arbitration for overtime, holiday and vacation pay. To these the Appellate Division added severance and notice of dismissal pay. Appellant Brooklyn Eagle asks for modification to eliminate arbitration of severance, notice of dismissal and vacation pay.
These items, it seems to me, to whatever extent they may be payable, had their origin after the labor contract ended. These employees were dismissed when the Rroohlyn Eagle went out of *563 business March 16, 1955. Although severance and dismissal pay are computed by the length of time during which the employees had worked for the company, these charges in no sense become a liability until dismissal. The law in this State is settled that such pay is liquidated damages for a dismissal (Wanhope v. Press Co., 256 App. Div. 433, affd. 281 N. Y. 607; Barth v. Addie Co., 271 N. Y. 31). It is so held in other jurisdictions (Matter of Port Pub. Co., 231 N. C. 395; McCloskey v. Division of Labor Law Enforcement, 200 F. 2d 402; Talberth v. Guy Gannett Pub. Co., 149 Me. 286; Ackerson v. Western Union Tel. Co., 234 Minn. 271).
All of these decisions were guided by the contingent nature of severance or dismissal pay. Until an employee is dismissed, it cannot be legally ascertained whether he will be dismissed, and the obligation has no existence until dismissal occurs. Consequently it seems to me that under no theory could any obligation of this nature have arisen prior to March 16, 1955, which was after this labor contract had ended.
A similar principle applies to vacation pay (Wanhope v. Press Co., 281 N. Y. 607, supra). It was held in that case that upon dismissal prior to vacation period, no rights to vacation pay had accrued. To the same effect is Bondio v. Joseph Binder, Inc., 24 So. 2d 398 [La. Ct. of Appeals]).
The order appealed from should be modified so as to eliminate the direction compelling arbitration of severance, notice of dismissal and vacation pay, and, as so modified, affirmed, with costs to appellant.
Desmond, Fuld, Froessel and Burke, JJ., concur with Dye, J.; Van Voorhis, J., dissents in an opinion in which Conway, Ch. J., concurs.
Order affirmed.