### In re GUARDIANSHIP TRUST AND HOME PROGRAM, INC., Debtor.

#### Bankruptcy No. 80–352.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 3, 1987.

Russell Hilliard, Concord, N.H., for debtor.

Ralph Stein, Salem, N.H., trustee.

Stephen Fine, Manchester, N.H., for Julian Teitel (claimant).

## ORDER ON MOTION FOR RECONSIDERATION

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court on the Motion For Reconsideration by Julien Teitel, creditor, with regard to this court's "Order On Objection To Claim" entered on July 14, 1987 with regard to Mr. Teitel's claim for various amounts resulting from his employment and termination by the above named debtor.

In the July 14, 1987 Order the court allowed $589.70 as a priority status claim under § 507(a)(3) of the Bankruptcy Code, and allowed the balance of the claim in the amount of $5,171.80 as a general unsecured claim.

The only issue raised by the Motion For Reconsideration is the court's determination in its earlier Order that only $150.00 of the $1,200.00 severance pay claim asserted by Mr. Teitel was entitled to priority claim status. The court applied a ratio of the 90 days prior to bankruptcy over Mr. Teitel's total period of employment to reach a ratio of 3/24 applied to the total severance pay claim for priority status purposes.

Upon consideration of the aforesaid Motion For Reconsideration, and the case decisions cited by both parties in regard thereto, the court concludes that its earlier determination was erroneous and should be modified.

In the present case the employment agreement involving Mr. Teitel defined his rights to severance pay on a "in lieu of notice of termination" basis rather than defining entitlement to service severance pay on the basis of total length of service performed. While that may not have been entirely clear prior to 1980, the evidence before the court does establish that the "in lieu of notice" basis for severance pay entitlement was clearly communicated to Mr. Teitel within 90 days prior to the bankruptcy and in fact was deliberately used as an inducement to have Mr. Teitel remain at work notwithstanding troubled business conditions that were resulting in other employees leaving their employment.

On those facts the decision in *McCloskey v. Division of Labor, Etc.*, 200 F.2d 402 (9th Cir.1952), is squarely on point and supports allowance of the entire severance pay claim in the present case as a priority claim under § 507(a)(3) of the Bankruptcy Code. The *McCloskey* case was decided under the provisions of § 64(a)(2) of the prior Bankruptcy Act but the statutory language then in force was equivalent to the present Code language with regard to this legal issue. In fact the 1978 Code added specific reference to "severance pay" earned within the 90 days prior to bankruptcy in addition to the "wages earned" language in the prior Act. The trustee's response relies on the contrary decision in *In re Ad Service Engraving Company*, 338 F.2d 41 (6th Cir.1964). However, the *Ad Service* decision was *not* a case involving an "in lieu of notice" employment situation. Moreover, the court in *Ad Service* also relied on the "wages earned" language in the Bankruptcy Act statute to reach its conclusion that "no amount of construction can make this damage claim [with regard to severance pay] one for wages 'earned' on the day of termination or within three months prior thereto." As indicated above, the present statute does make explicit reference to severance pay for priority claim purposes.

Accordingly, I conclude that when an employee is terminated by a debtor within 90 days prior to bankruptcy, and said employee has severance pay rights based solely upon an "in lieu of notice" employment agreement, such severance pay is "earned" within the 90 day period specified under

§ 507(a)(3) of the Bankruptcy Code and is thus allowable as a priority claim under that subsection.[1] The Order of July 14, 1987 is hereby modified to allow Mr. Teitel a priority claim under § 507(a)(3) in the amount of $1,639.70, with allowance of the balance of the claim, in the amount of $4,121.80, as a general unsecured claim.

---

**1.** It should be emphasized that the present case does *not* involve the question of allowance of severance pay claims resulting from a period of *post-petition* employment service to a debtor-in-possession and subsequent termination of such employment by the debtor-in-possession. That situation involves totally different considerations of "administrative expense priority" under §§ 503(b) and 507(a)(1) of the Code, together with intricate questions concerning "inducement" and "benefit conferred" noncontractual factors not here involved. See, e.g., *In re Mammoth Mart Inc.*, 536 F.2d 950 (1st Cir.1976); *In re Northwest Engineering Company*, 43 B.R. 603, 11 C.B.C.2d 831 (E.D.Wis.1984); *Rawson Food Services, Inc. v. Creditors' Committee*, 67 B.R. 351, 16 C.B.C.2d 1047 (M.D.Fla.1986).