█ In the Matter of the JEFFERSON COUNTY BOARD OF SUPERVISORS, Petitioner, v. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.— Order unanimously modified in accordance with memorandum and as modified confirmed, without costs. Memorandum: In 1971 petitioner, the Jefferson County Board of Supervisors, entered into a two-year contract with respondent Faculty Association of Jefferson Community College (Faculty Association) in which it was agreed with respect to merit salary increments that, "all increments to be based on merit as determined by the administration and the Board of Trustees". In the year 1972 "the administration and the Board of Trustees" (Trustees), as it had done in the previous 10 years of the college's existence, granted merit increments virtually to all faculty members who were retained; and in the college budget which the Trustees submitted to petitioner, an item of approximately $34,000 was included for such merit increments. In that year petitioner had negotiated with other county employees and had entered into a contract whereunder merit increments would be granted only to about one third of them. Instead of accepting the Trustees' suggested budget, petitioner sought to have the Trustees explain their method of granting merit increments, and on failing to receive such information, petitioner included in its budget for the ensuing year approximately one half of the amount which the Trustees requested for merit increments. The Faculty Association thereupon filed a complaint against petitioner with respondent Public Employment Relations Board (PERB), claiming an unfair practice under Public Employees' Fair Employment Act (Civil Service Law, art. 14) section 209-a (subd. 1, pars. [a], [d]), namely, interfering with the employees' contract rights and refusing to negotiate in good faith. PERB conducted a hearing on these charges and dismissed the charge under section 209-a (subd. 1, par. [a]) of the Civil Service Law, but sustained the charge under paragraph (d) of subdivision 1 thereof, to wit, that petitioner refused to negotiate with the Faculty Association in good faith, and PERB ordered petitioner to cease and desist from refusing to pay the recommended merit increments. Petitioner thereupon instituted this article 78 proceeding for review and annulment of PERB's determination and order. Petitioner asserts essentially that (1) PERB has no jurisdiction because the dispute involves only a legal question as to the interpretation of the contract, (2) PERB erred in permitting the Trustees to intervene, (3) the record lacks substantial evidence to support PERB's determination and (4) PERB had no power to order petitioners to pay the merit increments. Petitioner's contract with the Faculty Association provided that it could be modified upon the agreement of both parties, and in some respects it was modified in its second year. The Association's charge, in effect, was

that petitioner refused to negotiate the merit salary increments as provided in the contract but instead violated the contract by refusing to appropriate the money therefor. We find that PERB had jurisdiction of that charge. In its answer to the Association's charge before PERB, petitioner cross-claimed against the Trustees and alleged that they were necessary parties. We find no merit in petitioner's second contention that PERB erred in permitting the Trustees to intervene. We also find that there was substantial evidence to support PERB's determination that petitioner attempted unilaterally to alter its contract with the Faculty Association with respect to merit increments. We conclude, however, that there is merit to petitioner's fourth contention. Although section 205 (subd. 5, par. [d]) of the Civil Service Law (Public Employees' Fair Employment Act) grants to PERB the power to establish procedures for the prevention of improper practices, it expressly limits such Board's powers "in case of a claimed violation of paragraph (d) of subdivision one * * * of such section" (Civil Service Law, § 209-a), so that "such procedures shall provide only for the entry of an order directing the public employer or employee organization to negotiate in good faith". PERB, therefore, exceeded its powers when, in effect, it ordered petitioner to pay the merit increments in accordance with the contract. It appears that the scheme of the Public Employees' Fair Employment Act does not embrace enforcement by PERB in this situation, as to which the parties may have their rights determined by court action. The determination and order of PERB, therefore, should be modified by deleting therefrom the clause which, in effect, directs petitioner to comply with its contract to pay the merit increments, and, as modified, it should be confirmed. (Review of order in article 78 proceeding, transferred by order of Oneida Special Term.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.