■ In the Matter of MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS, Petitioner, v. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of respondent New York State Public Employment Relations Board (PERB), dated April 15, 1974, which, *inter alia,* adopted a finding by a hearing officer that petitioner had committed an improper employer practice in violation of section 209-a (subd. 1, cls. [a], [d]) of the Civil Service Law. Determination confirmed and proceeding dismissed on the merits, without costs. The question on appeal is whether PERB's determination is supported by substantial evidence. Petitioner, the Municipal Housing Authority for the City of Yonkers, and respondent Westchester Chapter, Civil Service Employees Association, Inc., representing petitioner's employees, entered into a collective bargaining agreement covering the period from January 1, 1971 through December 31, 1973. The agreement provided, *inter alia,* that either party could reopen negotiations on or after January 1, 1972, on a number of economic items, including the provision in the agreement entitled " Salary Schedule and Longevity Increments ". Accordingly, salary reopener negotiations began some time after January 1, 1972. In January, 1973, while negotiations were continuing, petitioner unilaterally withheld payment of an increment then due. This was found by PERB to be an improper employer practice. Petitioner has not denied that it withheld the increment and, in addition, has admitted that, prior to 1973, increments were normally paid on January 1. In view of this admission, we find there was substantial evidence to support PERB's determination. Petitioner's conduct, during the life of the existing agreement and while negotiations for a new agreement were in progress, could be interpreted, as intended to exert economic pressure and went right to the heart of whether petitioner was bargaining in good faith. The main thrust of petitioner's argument in this court is that the authority relied upon by the hearing officer, i.e., *Matter of Triborough Bridge & Tunnel Auth. (Dist. Council 37 & Local 1396)* (5 PERB 3064), is bad law and should not be followed. We see no need to consider that question, because the facts in this case are essentially different from those in the *Triborough* case; here the unilateral conduct by the employer occurred *before* the bargaining agreement expired (cf. *Matter of Board of Educ. of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 44 A D 2d 598). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.