Gabrielli, J.
 

 The issue presented by this appeal may be phrased as follows: Upon a charge that a public employer has committed an improper labor practice by refusing to negotiate in good faith with the recognized representatives of its public employees on the subject of merit salary increments, does the Public Employment Relations Board (PERB) possess the requisite statutory authority to direct the public employer "to negotiate in good faith by ceasing and desisting from refusing to pay * * * merit salary increments”?
 

 
 *536
 
 The facts are undisputed. In June, 1971, the Jefferson County Board of Supervisors (County), as a public employer under the Taylor Law (Civil Service Law, art 14), entered into a two-year employment contract with the appellant Faculty Association of Jefferson Community College (Faculty). With respect to merit salary increments, the parties agreed that "[a]ll increments [were] to be based on merit as determined by the administration and the Board of Trustees.”
 

 In the first year of the contract, the administration and the board of trustees, as they had done in each of the previous 10 years of the college’s existence, determined that every faculty member who had been retained for the following academic year was entitled to a merit increase; and the County paid the merit increments in accordance with this determination.
 

 In December, 1971, the administration and the trustees again determined, in accordance with prior practice and the contract, those faculty members who were entitled to be paid merit increments during the academic year 1972-1973, the second year of the contract. The merit increments proposed by the administration and the trustees for 1972-1973 totaled $34,000.
 

 In the spring of 1972, negotiations between the Faculty and the County were reopened pursuant to a provision of the employment contract. Under the reopener clause, the contractual provision relating to merit increments could have been the subject of negotiations, but the County did not seek to renegotiate as to this item. Thereafter, the board of trustees forwarded to the County its proposed budget for the academic year 1972-1973 which included the recommended $34,000 in merit increments. Instead of accepting the suggested budget, the County sought from the trustees an explanation of their method of granting merit increments, and, on failing to receive such information, the County included in its budget for the ensuing year slightly more than one half of the requested amount.
 

 The Faculty thereupon filed a complaint against the County with PERB, claiming unfair and improper employer practices under section 209-a (subd 1, pars [a], [d]) of the Public Employees’ Fair Employment Act (Civil Service Law, art 14). More specifically, the Faculty alleged that the County had interfered with the employees’ contractual rights and that the County had refused to negotiate in good faith. PERB conducted a hearing on these charges and dismissed the charge
 
 *537
 
 under section 209-a (subd 1, par [a]) of the Civil Service Law, but sustained the charge under paragraph (d) of subdivision 1
 
 *
 
 thereof, finding that the County had refused to negotiate in good faith with the Faculty, and PERB also directed the County "to negotiate in good faith by ceasing and desisting from refusing to pay * * * merit salary increments”.
 

 The County then instituted this article 78 proceeding seeking a review and annulment of PERB’s order. The Appellate Division, Fourth Department, held that although PERB had jurisdiction of the charge alleging a failure to negotiate in good faith, it exceeded its powers when, in effect, it ordered the County to pay the merit increments in accordance with the contract (44 AD2d 893, 894). More specifically, the court ruled that when addressing itself to a charge of failure to negotiate in good faith, PERB is only empowered to order the public employer to negotiate in good faith (Civil Service Law, § 205, subd 5, par [d]).. The Appellate Division further stated that the scheme of the Taylor Law "does not embrace enforcement by PERB in this situation, as to which the parties may have their rights determined by court action.” (44 AD2d 894.) We agree.
 

 As section 200 of the Civil Service Law indicates, PERB was created "to assist in resolving disputes between public employees and public employers”. Subdivision 1 of section 209-a of the Civil Service Law enunciates four improper employer practices, the last of which pertains to a refusal to negotiate in good faith with the recognized representatives of its public employees. Section 205 (subd 5, par [d]) of the Civil Service Law recites that PERB has the power to establish procedures for the prevention of the improper employer practices set forth in section 209-a, provided, however, that in the case of a public employer’s failure to negotiate in good faith, "such procedures shall provide only for the entry of an order directing the public employer * * * to negotiate in good faith.” In other words, when it dealt with the County’s failure to negotiate in good faith, PERB did not have the authority, either directly or indirectly, to order the County to pay the merit increases in accordance with the contract. Instead, all PERB was statutorily empowered to do was to order the County to negotiate in good faith.
 

 
 *538
 
 Neither PERB nor the Faculty argue that section 205 (subd 5, par [d]) of the Civil Service Law is ambiguous, but, rather, both contend that PERB should have the power and authority to order specific performance of the employment contract negotiated by the parties. However, such an assertion not only flies in the face of the specific proviso of section 205 (subd 5, par [d]), but also conflicts with the legislative policy set forth in section 200 of the Civil Service Law, which states that PERB is merely "to assist in resolving disputes”. Moreover, our attention has not been directed to any provision, as indeed it may not be, of the Civil Service Law which empowers PERB to ultimately settle any public employment labor controversy. Accordingly, we conclude that the Appellate Division correctly deleted from PERB’s order the clause which, in effect, directed the County to pay the merit increments (44 AD2d 893, 894).
 

 In arriving at this determination, we are mindful of the fact that PERB has the express power to formulate and establish procedures for the prevention of improper employer and employee organization practices (Civil Service Law, § 205, subd 5, par [d];
 
 Matter of City of Albany v Helsby,
 
 29 NY2d 433, 438). Furthermore, we are cognizant of the fact that the Legislature has mandated that PERB "shall exercise exclusive nondelegable jurisdiction” of the powers conferred upon it (Civil Service Law, § 205, subd 5, par [d];
 
 Board of Educ., Cent. School Dist. No. 1 of Town of Grand Is. v Helsby,
 
 37 AD2d 493, 496). Thus, PERB is authorized to fashion such procedures as will effectuate the purposes and provisions of the Taylor Law, and the exercise of its discretion will not be set aside unless its action is arbitrary and capricious
 
 (Matter of Civil Serv. Assn. v Helsby,
 
 21 NY2d 541, 550). However, PERB may not disregard an explicit legislative directive to the effect that, as in the instant situation, it is precluded from doing anything more than entering an order requiring the County to negotiate in good faith.
 

 Accordingly, the judgment should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment affirmed.
 

 *
 

 Section 209-a (subd 1, par [d]) of the Civil Service Law provides that "[i]t shall be an improper practice for a public employer * * * (d) to refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees”.