Abraham J. Gellinoff, J.
Plaintiff, the collective bargaining representative for the professional instructional staff members employed by defendant board at the various colleges comprising City University of New York, brings this action to enjoin defendant from unilaterally revising the working conditions of plaintiff’s members upon the expiration of their current contract, and during negotiations for a new one. In the motions presently before the court, plaintiff seeks a preliminary injunction, and defendant cross-moves to dismiss the complaint.
Defendant’s cross motion is grounded upon the claim that the Public Employment Relations Board has exclusive jurisdiction of the matter, particularly inasmuch as plaintiff has filed a charge against defendant with the PERB, pursuant to section 209-a of the Civil Service Law. This contention would have been cogent prior to the Court of Appeals’ recent decision in Jefferson County v PERB (36 NY2d 534), as indicated by the pre-Jefferson County decisions relied upon by defendant. For, prior to Jefferson County, the PERB exercised remedial powers; and, upon proof of the type of improper practices here alleged, it not only declared them to be improper, but also ordered the violator to cease and desist (see Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37], 5 PERB *902 3037: Matter of Massapequa Union Free School Dist. [CSEA], 7 PERB 3024).
However, in Jefferson County, the Court of Appeals rejected PERB’s assertion of the right to exercise this power, and found that the legislation creating PERB "does not embrace enforcement by PERB in this situation, as to which the parties may have their rights determined by court action” (p 537) The court held that PERB’s authority is limited to ordering the parties to negotiate in good faith.
Thus, PERB does not now possess the authority to grant plaintiff the relief sought in the complaint, and were it not permitted to litigate here, plaintiff would be deprived of any forum in which to obtain the emergency relief sought. Accordingly the cross motion to dismiss is denied.
Defendant bases its opposition to the motion for a preliminary injunction on the claim that the city’s current financial crisis would be seriously aggravated were it prohibited from making the savings provided for in the new rules, and upon the claim that the new rules do not violate the expiring collective bargaining agreement.
Defendant’s first argument is unpersuasive. This court is as aware of the present financial distress of the City of New York as is any citizen. But the city’s unfortunate plight does not authorize it to violate the law or breach its contracts. And the Taylor Law (Civil Service Law, art 14) forbids a public employer from unilaterally altering the terms and conditions of employment in an expired collective bargaining agreement during negotiations for a new agreement (see Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37], supra; Matter of Board of Educ. of Connetquot Cent. School Dist., 74 Misc 2d 336; see, also, Labor Bd. v Katz, 369 U.S. 736).
Defendant contends, however, that the changes contained in the new rules do not contravene the expiring agreement. The expiring agreement provides, in relevant part, that "Employees on the teaching staff of the City University of New York shall not be required to teach an excessive number of contact hours, assume an excessive student load, or be assigned an unreasonable schedule, it being recognized by the parties that the teaching staff has the obligation, among others, to be available to students, to assume normal committee assignments, and engage in research and community service. In determining what is 'excessive’ or 'unreasonable’ under this paragraph, practices in the University during the *903 1971-1972 academic year shall be one of the important elements to be considered.”
The parties strenuously dispute whether the changes contained in the new rules require "excessive” or "unreasonable” workloads for plaintiffs members. And, in the absence of probative evidence, particularly evidence as to the "practices in the University during the 1971-1972 . academic year,” the court is unable, on the papers submitted, to determine that decisive issue. Where, as here, substantial and material factual issues exist as to plaintiffs right to the relief requested, requiring resolution at trial, a preliminary injunction may not be granted (Geed v Braunsdorf, 277 App Div 1001; Voorhees & Hobart v Hobart, 251 App Div 111; Morrin v Structural Steel Bd. of Trade, 231 App Div 673; Pine Hill-Kingston Bus Corp. v Davis, 225 App Div 182).
Accordingly, the court is constrained to deny the motion for a preliminary injunction. However, a speedy determination of this matter is essential. Therefore, the court directs that an immediate trial of this action be had. Plaintiff may renew its motion for an injunction in the event defendant is not ready to proceed to trial within 20 days after publication of this decision.