■ In the Matter of the BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF ROCKLAND COUNTY, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to annul a determination of the New York State Public Employment Relations Board (PERB) dated February 21, 1975 and made upon a stipulation of agreed facts, which ordered petitioner to negotiate in good faith and stated that thereby PERB was "contemplating" that petitioner will cease and desist from refusing to pay increments to those of its employees entitled to increments under an expired collective bargaining agreement and that petitioner will pay such employees' increments retroactive to the commencement of the 1974–1975 school year, with interest. Determination modified, on the law, by deleting therefrom the provisions which express PERB's above-mentioned "contemplating" that petitioner will cease and desist from refusing to pay increments, etc., and that petitioner will pay such increments retroactive to the commencement of the 1974–1975 school year, with interest. As so modified, determination confirmed and counterclaims dismissed, with one bill of $50 costs and disbursements to petitioner jointly against respondents appearing separately and filing separate briefs. The PERB's determination that petitioner violated its duty to negotiate in good faith was not arbitrary and capricious and therefore must be confirmed (see Matter of Civil Serv. Employees Assn. v Helsby, 21 NY2d 541, 550 [dissenting opn]). However, upon a charge that a public employer has committed an improper labor practice by refusing to negotiate in good faith with the recognized representatives of its public employees, the PERB is limited by statute to the entry of an order directing the public employer to negotiate in good faith (Civil Service Law, § 205, subd 5, par [d]; Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd., 36 NY2d 534). Accordingly, that portion of the PERB's determination

which in effect directs petitioner to pay salary increments must be deleted. Respondents BOCES Staff Council (Staff Council) and New York State United Teachers, Inc. (United Teachers) have urged this court to exercise its remedial powers, upon their counterclaim for enforcement of the determination in its entirety, by ordering payment of the salary increments called for under the expired collective bargaining agreement. (The PERB's answer contained a similar counterclaim, but in its brief to this court it acknowledges that its power is limited to ordering petitioner to negotiate in good faith.) They point to a recent decision of Special Term in New York County (*Professional Staff Congress/Cuny v Board of Higher Educ. of City of N. Y.*, 83 Misc 2d 900) in which, on similar facts, it was held that the court had jurisdiction to consider a collective bargaining representative's demand for injunctive relief. Respondents Staff Council and United Teachers overlook section 205 (subd 5, par [d]) of the Civil Service Law, which expressly gives to the PERB "exclusive nondelegable jurisdiction" to establish procedures for the prevention of improper employer and employee organization practices, including a public employer's refusal to negotiate in good faith. Clearly, the Legislature intended an administrative and not a judicial approach to the problem of improper public employment labor practices. The Legislature having thus denied the courts such judicial power, the courts may not grant the remedial relief sought by respondents Staff Council and United Teachers. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.