Robert J. Sise, J.
This is an application pursuant to CPLR *965 7503 (subd [b]) to stay arbitration of grievances upon the ground that a valid agreement to arbitrate was not made between the parties. Pursuant to a stipulation entered into by the parties in the presence of the court, the sole issue to be decided is whether the agreement between the parties for the 1974-1975 school year continues until the execution of a new agreement for the year 1975-1976. The agreement itself provides that it shall remain in effect until June 30, 1975 and contains no provision calling for an automatic extension of its terms.
The stated issue was first decided in Matter of Board of Educ. (Connetquot Teachers Assn.) (74 Misc 2d 336). There the court found the extension of the agreement to be the quid pro quo for the prohibition against strikes by public employees imposed by the Taylor Law (Civil Service Law, § 210). "If public employees are prohibited from striking then they must be protected during the hiatus between the expiration date of the old contract and the signing of a new collective bargaining agreement” (Matter of Board of Educ. [Connetquot Teachers Assn.], supra, p 338).
The issue was next raised in a decision based on a factual situation almost identical to that in the instant proceeding. Without discussing Connetquot the court in Matter of Board of Educ. (Poughkeepsie Public School Teachers Assn.) (75 Misc 2d 931, affd 44 AD2d 598) reached the opposite conclusion. The opinion of the trial court in this case was also based on the Taylor Law although the inferences drawn from its provisions differed in all respects. Those inferences led that court to conclude that the Legislature did not intend to give an expired agreement an extended duration. "The Legislature would not have provided a thorough and detailed procedure for the resolution of deadlocks in negotiation [Civil Service Law, § 209] if it had intended to permit the judicial imposition of an expired agreement upon the parties” (Matter of Board of Educ. [Poughkeepsie Public School Teachers Assn.], supra, p 933).
The latter quotation was relied upon by the court in Board of Educ. v Malone Cent. Teachers Assn. (Supreme Ct, Franklin County [Nov. 6, 1974]). Completely adopting the reasoning in Poughkeepsie, the stay of arbitration was granted since there was no agreement in effect between the parties at the time when the grievance procedures were initiated.
Respondent contends that the rationale enunciated in *966 Poughkeepsie and Malone should not be applied to the instant petition due to a difference in the factual situations and the amendment to certain provisions of the Taylor Law.
No significant factual differences are apparent to this court in the case at bar. The school board in Poughkeepsie had also proceeded to stage three in the grievance procedure as was done here and in all such cases it must be assumed that teachers are continuously being paid in accordance with the terms of the expired contract. An employer should not be penalized for complying with the terms of the old agreement while he is engaged in negotiations with respect to a new contract. The cases cited by respondent to support his position that petitioner by his actions has impliedly agreed to extend the contract are inapplicable to the present situation especially with respect to compulsory arbitration (see Steelworkers v Warrior & Gulf Co., 363 US 574, 582). New York Tel. Co. v Jamestown Tel. Corp. (282 NY 365), the primary authority for respondent’s argument, involved an agreement between two public utilities whose continuing obligations were fixed by the Public Service Commission. However, even under these circumstances the obligations of the parties were not, as a matter of law, measured by the terms of the expired contract (New York Tel. Co. v Jamestown Tel. Corp., supra, p 371). If petitioner were bound by all the expired terms of the collective bargaining agreement, the association would be "locked into a guaranteed gain position, and the employer into an assured losing stance” (Matter of Cardinale v Andersen, 75 Mise 2d 210, 218).
Respondent’s argument with respect to the amendment of the Taylor Law requires closer scrutiny. To decide the validity of that argument, the court must determine whether the Legislature by enacting section 209 (subd 3, par [f]) of the Civil Service Law, has impliedly adopted the doctrine espoused in Matter of Triborough Bridge & Tunnel Auth. (5 PERB 4520). This decision which was relied upon by the court in Connetquot (supra) stated that an employer cannot make unilateral changes in mandatory subjects of negotiation during the hiatus between an expired contract and the conclusion of negotiations for a successor contract. Under the afore-mentioned amendment to the Civil Service Law the school board upon reaching an impasse in negotiations may no longer conduct a public hearing and thereafter impose its decision upon the *967 union. Now, pursuant to section 209 (subd 3, par [f]) of the Civil Service Law, upon reaching an impasse: "(i) the [Public Employment Relations] board may afford the parties an opportunity to explain their positions with respect to the report of the fact-finding board at a meeting at which the legislative body * * * may be present; (ii) thereafter, the legislative body may take such action as is necessary and appropriate to reach an agreement. The [Public Employment Relations] board may provide such assistance as may be appropriate.” Thus, by eliminating the final hearing with the school board acting as a legislative body, a new collective bargaining agreement will only be entered into if both parties accept its terms.
Although this legislation was enacted against the background of the Triborough doctrine, it cannot logically be concluded that the Legislature has indirectly enacted this administrative ruling as law. Such a far-reaching pronouncement requires specific language from the Legislature and should not be the result of judicial interpretation. This is especially true in view of the lack of acceptance of the Triborough doctrine by the courts and the confusion as to its scope within the board decisions themselves (Cardinale v Andersen, supra, p 217; Matter of Municipal Housing Auth. for City of Yonkers v New York State Public Employment Relations Bd., 46 AD2d 911; cf. Matter of Central School Dist. No. 1 of Town of Wappinger, 5 PERB 3124, with Matter of Massapequa Union Free School Dist., 7 PERB 3034; and Matter of Board of Educ. of Malone Cent. School Dist, 8 PERB 3073; see, also, 26 Syracuse L Rev 125, 138). To state that a school board may not unilaterally impose its terms upon an association does not, in this court’s opinion, mean that the board is compelled to comply with terms of an expired agreement which terms are the subject of present negotiations. If the Legislature had been seeking this result, presumably direct language would have been employed. The purpose of this amendment (L 1974, ch 443) was to "provide clear authority to the Public Employment Relations Board to continue all appropriate efforts to assist local school boards and their employees in achieving agreement where the report and recommendations of a fact-finder have failed to produce agreement” (NY Legis Ann, 1974, p 388). That purpose is not fulfilled by judicially imposing terms of an expired agreement upon an unwilling party. Therefore, although the absence of the arbitration process may place the union at a disadvantage *968 (see 39 Albany L Rev 394, 445), the remedy sought by respondent must await further legislative enactments.
Neither the actions of petitioner nor the amendment to the Civil Service Law serves to extend the arbitration provisions of the collective bargaining agreement beyond their stated expiration date. The contrary conclusion arrived at in Connetquot must give way to the subsequent opinion of the Appellate Division in the same department stating: "The contract having expired, the provision for arbitration was no longer in effect” (Matter of Board of Educ. [Poughkeepsie Public School Teachers Assn.], 44 AD2d 598, 599, supra).
In light of the foregoing, the application is granted.