James F. Niehopf, J.
This is an application by petitioner for an order pursuant to CPLR 7511 vacating and setting aside an arbitration award dated January 12, 1976.
On September 22, 1975 petitioner entered into a collective bargaining agreement with respondent which provided for a contribution equivalent to 100% of health and hospital coverage for retired members of the police department without regard to the date of their retirement (see art IX, par B). It *58 should, be noted that although the agreement was dated September 22, 1975 it had an expiration date of May 31, 1975.
The collective bargaining agreement contained a grievance procedure under the terms of which the grievance was to be referred by either party to arbitration before an impartial arbitrator in the event that the grievance was not disposed of within the specified procedure.
By letter dated September 29, 1975, respondent submitted a grievance to petitioner asserting that petitioner was not complying with paragraph B of article IX of the collective bargaining agreement which expired May 31, 1975 "in that medical benefits have been denied to a retired member of the Lynbrook Police Department related to treatment for and on behalf of his son.”
On or about October 22, 1975, petitioner was served with a demand for arbitration with regard to this grievance and a panel list for the selection of an arbitrator. Petitioner did not participate in the selection of the arbitrator.
At the arbitration petitioner’s attorney specially appeared for the sole purpose of contesting the arbitrability of the grievance. After presenting that issue, petitioner’s attorney withdrew from the proceeding.
On January 12, 1976 the arbitrator issued his opinion and award wherein he found that the claim of respondent was arbitrable and granted the claim of respondent for entitlement to health insurance coverage for the spouses and eligible dependents of all retired police officers to the extent of a 100% contribution by petitioner.
Petitioner seeks to vacate the award of the arbitrator on the grounds that there was no valid agreement to arbitrate in existence between the parties at the time the alleged grievance came into being inasmuch as the agreement had expired on May 31, 1975, and that the arbitrator exceeded his power by making an illegal award.
Respondent, on the other hand, argues that a valid collective bargaining agreement was in effect despite the May 31, 1975 expiration date and that the arbitrator’s award was lawful and proper. Respondent counters with the additional arguments that petitioner is precluded by the CPLR from objecting that a valid agreement was not made and that its failure to defend on the merits during the arbitration proceeding precludes any court challenge of the award.
*59 The first question which must be answered, then, is whether or not a valid agreement to arbitrate existed between the parties. As stated above, the collective bargaining agreement between these parties expired on May 31, 1975 and the grievance arose on September 29, 1975. According to the papers submitted herein no new collective bargaining agreement has been entered into as of this date.
Respondent argues that the reasoning set forth in Matter of Triborough Bridge & Tunnel Auth., (5 PERB 3037) applies to this matter. In that decision the Public Employment Relations Board held that an employer is obliged by law to maintain existing terms and conditions of employment during negotiations until the parties conclude a successor agreement. The so-called "Triborough doctrine” has been adopted or confirmed by courts to a limited extent. That is, there is some decisional law in the lower courts to the effect that certain, but not all, provisions of a public employment contract (provisions relating to terms and conditions of employment) continue in force after its expiration and prior to the execution of a successor agreement. (See Professional Staff Congress/CUNY v Board of Higher Educ., 83 Misc 2d 900; Matter of Cardinale v Andersen, 75 Misc 2d 210, 218; Matter of Board of Educ. v Connetquot Teachers Assn., 74 Misc 2d 336.) The Appellate Division, on its part, has not definitively spoken on the subject. (See Matter of Municipal Housing Auth. for City of Yonkers v New York State Public Employment Relations Bd., 46 AD2d 911; see, also, Matter of Board of Co-op. Educ. Servs. of Rockland County v New York State Public Employment Relations Bd., 50 AD2d 832).
The question which the present case poses is: assuming the general soundness of the Triborough doctrine (see, e.g., Assembly Bill No. A 12036 and Senate Bill No. S 9411 of 1976), does the obligation to maintain existing terms and conditions of employment which is imposed upon the public employer by the Triborough doctrine mean that the grievance-arbitration procedure set forth in a prior expired contract continues in force with respect to grievances arising after the expiration of the contract?
In Matter of Board of Educ. (Poughkeepsie Public School Teachers Assn.) (44 AD2d 598), our Appellate Division, Second Department, did not make any mention of the Triborough doctrine as such but it appears to have answered that question in the negative. There, that court stated (p 599): "The *60 contract having expired, the provision for arbitration was no longer in effect.” Consequently, in the opinion of this court, the petitioner properly argues that the respondent had no right pursuant to the collective bargaining agreement to arbitrate the alleged grievance which arose after the expiration date of the agreement.
Having decided that there is merit to petitioner’s claim that no valid agreement to arbitrate existed between the parties, the court must next decide whether petitioner may avail itself of that argument.
Respondent argues that inasmuch as the petitioner failed to make use of the procedure prescribed by CPLR 7503 (subd [b]) which authorized petitioner to move for a stay of arbitration, petitioner is now precluded by CPLR 7503 (subd [c]) from objecting that a valid agreement to arbitrate was not in existence. That section provides, in relevant part, that: "A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice, or of an officer or agent thereof if such party is an association or corporation, and stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.”
While petitioner makes claim that the demand for arbitration was not served in accordance with the mandates of CPLR 7503 (subd [c]), it is clear from the documentary evidence annexed to respondent’s reply that a demand for arbitration was properly served upon petitioner on or about October 23, 1975.
Although petitioner was served with respondent’s demand for arbitration, it did not see fit to apply to this court for a stay of the arbitration, but, rather declined to participate in the selection of the arbitrator and then specially appeared for the purpose of contesting the arbitrability of respondent’s grievance.
Petitioner contends that the procedure it followed was proper to preserve its rights and that having refused to participate in the arbitration proceeding it may rightly move to vacate the award pursuant to CPLR 7511 (subd [b], par 2, cl [ii]) upon the ground that no valid agreement to arbitrate was *61 made. That section provides that "the award shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that * * * (ii) a valid agreement to arbitrate was not made”.
In the case at bar, petitioner did not take part in the selection of an arbitrator or in the presentation of the case but, in fact, withdrew from the arbitration after contesting the arbitrability of the grievance. By making its special appearance and then withdrawing from the arbitration proceeding petitioner properly raised the question of arbitrability. (See Matter of Staklinski [Pyramid Elec. Co.], 6 AD2d 565, affd 6 NY2d 159; Matter of Bullard [Grace Co.] 240 NY 388; cf. Hodges Int. v Rembrandt Fabrics, 44 AD2d 77.) If, at that point in time, respondent desired to go on with the arbitration, it could have made application to the court to compel arbitration pursuant to CPLR 7503 (subd [a]).
In a word, the procedure pursued by the petitioner is a legally acceptable one by which to protect its right to claim that the matter was not arbitrable. That being so, the arbitration award dated January 12, 1976 must be vacated and set aside.
In view of the foregoing holding the court does not reach the claim of petitioner that the arbitrator exceeded his power and made an illegal award.