■ In the Matter of JAMES L. CORBIN, as President of Suffolk County Chapter, Civil Service Employees Association, Inc., Appellant-Respondent, v COUNTY OF SUFFOLK et al., Respondents-Appellants. (Proceeding No. 1.) SUFFOLK COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., et al., Appellants-Respondents, v COUNTY OF SUFFOLK et al., Respondents-Appellants. (Proceeding No. 2.)—In consolidated proceedings *inter alia* to compel the

County of Suffolk to honor conditions of certain collective bargaining agreements, the parties cross-appeal (by permission) from three orders of the Supreme Court, Suffolk County, all dated January 21, 1976, as follows: (1) petitioners in Proceeding No. 1, from so much of the first order as denied their motion for a preliminary injunction; (2) respondents in Proceeding No. 1, from so much of the said first order as denied their cross motion to dismiss the said proceeding; (3) respondents in Proceeding No. 2, from the second order, which denied their motion to dismiss Proceeding No. 2, with leave to assert their claims as affirmative defenses; and (4) petitioners in Proceeding No. 2, from the third order, which denied their motion for a preliminary injunction. Order in Proceeding No. 1, denominated herein as the first order, modified, on the law, by deleting therefrom the provision which denies the cross motion and by substituting therefor a provision that the cross motion is granted and the petition dismissed. As so modified, order affirmed, without costs or disbursements. No fact findings have been brought up for review. Order in Proceeding No. 2, denominated herein as the second order, reversed, on the law, without costs or disbursements, motion granted, and Proceeding No. 2 dismissed. No fact findings were brought up for review. Order in Proceeding No. 2, denominated herein as the third order, affirmed, without costs or disbursements. The subject collective bargaining contracts between the County of Suffolk and the petitioner public employee unions expired on December 31, 1975 and the parties have been attempting to negotiate new contracts. During these negotiations the county has continued the *status quo* by honoring the terms of the expired contracts, *but* not with respect to their salary increment provisions, the county's position (and that fact is undisputed) being that the practice during the past five years has been not to pay such items after contract expiration and during negotiations for a new contract. Petitioners assert that the county's refusal to pay the increments, etc., during negotiations for a new contract is a unilateral violation of the *status quo* and that the *status quo* must be maintained in order to make up for the Taylor Law's prohibition of strikes by public employees (see Civil Service Law, § 210). Petitioners therefore contend that the county's unilateral decision to withhold salary increments and longevity payments is an improper employer practice in violation of section 209-a of the Civil Service Law, the county's conduct being coercive in nature and a refusal to negotiate in good faith. Petitioners conclude that the county must continue to honor the expired contracts' salary increment and longevity provisions and, that since the Public Employment Relations Board (PERB) does not have authority to do more than order the county to negotiate in good faith (see *Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd.,* 36 NY2d 534), the court should entertain petitioners' suits and exercise its equitable jurisdiction so as to maintain the *status quo* and thus prevent an irreparable wrong. We disagree with petitioners' contentions. The contracts having expired, the provisions for salary increments and longevity payments are no longer in effect (see *Matter of Board of Educ. [Poughkeepsie Public School Teachers' Assn.],* 44 AD2d 598). Hence, the county could not be required, after contract expiration, to honor those provisions, unless to avoid the improper employer practice of unilaterally and coercively altering the *status quo* during negotiations for a new contract and thus not negotiating in good faith. However, only PERB has jurisdiction (original, exclusive and nondelegable) to determine an improper practice charge (Civil Service Law, § 205, subd 5, par [d]; *Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd., supra).* Unlike the petitioner in

*Matter of Board of Coop. Educ. Servs. of Rockland County v New York State Public Employment Relations Bd.* (50 AD2d 832), the seekers of affirmative court relief in the suits *sub judice,* i.e., the petitioners, do not come to court supported by a prior determination of PERB that the public employer had not negotiated in good faith. To the contrary, the improper employer practice charges filed by petitioners with PERB were dismissed on the merits by the hearing officer on July 28, 1976, a fact of which we take judicial notice. Petitioners clearly cannot sustain, in court, improper employer practice charges. Certainly, the question whether the county has been negotiating in good faith must be determined in context. At bar, the context includes the county's well-established prior practice of not paying salary increments after the contract has expired and prior to the execution of a new contract. Finally, even if, *arguendo,* petitioners could establish that the county had not been negotiating in good faith, and had properly established that claim before PERB, a court may not, in the exercise of its remedial powers, order the county to pay the salary increments called for under the expired collective bargaining agreements (see *Matter of Board of Coop. Educ. Servs. of Rockland County v New York State Public Employment Relations Bd., supra).* Thus, we held in the *Rockland* case (p 833): "Respondents BOCES Staff Council (Staff Council) and New York State United Teachers, Inc. (United Teachers) *have urged this court to exercise its remedial powers, upon their counterclaim for enforcement of the determination in its entirety, by ordering payment of the salary increments called for under the expired collective bargaining agreement.* (The PERB's answer contained a similar counterclaim, but in its brief to this court it acknowledges that its power is limited to ordering petitioner to negotiate in good faith.) They point to a recent decision of Special Term in New York County *(Professional Staff Congress/Cuny Board of Higher Educ. of City of N. Y.,* 83 Misc 2d 900) in which, on similar facts, it was held that the court had jurisdiction to consider a collective bargaining representative's demand for injunctive relief. *Respondents Staff Council and United Teachers overlook section 205 (subd 5, par [d]) of the Civil Service Law, which expressly gives to the PERB 'exclusive nondelegable jurisdiction' to establish procedures for the prevention of improper employer and employee organization practices, including a public employer's refusal to negotiate in good faith. Clearly, the Legislature intended an administrative and not a judicial approach to the problem of improper public employment labor practices. The Legislature having thus denied the courts such judicial power, the courts may not grant the remedial relief sought by respondents Staff Council and United Teachers"* (emphasis supplied). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.