HOPKINS, Acting P. J., MARTUSCELLO and COHALAN, JJ., concur.

Order of the Supreme Court, Kings County, rendered April 15, 1975, as resettled by an order of the same court, entered June 30, 1975, affirmed.

In the Matter of RONALD E. ALLEN et al., Appellants, v GRAND ISLAND CENTRAL SCHOOL DISTRICT, Respondent.

Fourth Department, February 18, 1977

*Bernard F. Ashe (Emanuel Tabachnick* of counsel), for appellants.

*Hodgson, Russ, Andrews, Woods & Goodyear (H. Kenneth Schroeder, Jr.,* of counsel), for respondent.

WITMER, J. On this appeal from an order staying arbitration we must determine when the alleged grievance arose and whether the demand for arbitration, made after the effective

period of the collective bargaining agreement, was sufficient to require arbitration. We conclude that the grievance arose during the life of the contract and that whether the demand for arbitration was timely is a question to be determined by an arbitrator.

Petitioner, Grand Island Central School District, entered into a collective bargaining agreement with respondent Grand Island Teachers Association for the period from July 1, 1973 through June 30, 1974. That agreement contained the provisions (arts IX and X) that petitioner would observe the performance of its probationary teachers and evaluate them in writing. Subdivision 7 of article IX specifies the areas which the evaluation report shall cover. The agreement provides that within five school days after such an evaluation an evaluation session shall be held with the teacher, and "the written evaluation shall be signed by both parties"; "The teacher shall have the right to submit a written reaction, which will be attached to the report"; "Each evaluation should include positive comments about the situation observed". Article IX of the agreement also provides that the evaluation procedure "will be the basis for the just dismissal of any probationary teacher. The committee will be an ongoing board and review and evaluate the procedure throughout the year".

Respondent Ronald E. Allen was a probationary teacher employed by petitioner, completing his third probationary year in the summer of 1974. On August 12, 1974 petitioner notified him that his employment was terminated, effective September 12, 1974. On September 10, 1974 respondent Allen filed a grievance under the grievance procedures of the agreement, asserting that petitioner had violated articles IX and X thereof by failing to evaluate him at all. The three preliminary stages of grievance procedures were pursued unsuccessfully and so respondents demanded arbitration. At all times during these grievance procedures petitioner asserted that there is no basis for invoking them because the agreement, by its terms, expired on June 30, 1974. Upon that basis petitioner moved to stay respondents' demand for arbitration; and for that reason Special Term granted the stay. We believe that this was erroneous.

If, as respondents allege, petitioner failed to evaluate respondent Allen during his years as a probationary teacher, that omission was a violation of the collective bargaining

agreement which occurred during the life of the agreement. Such a grievance survives the expiration date of the agreement (*Matter of Potoker [Brooklyn Eagle]*, 2 NY2d 553; *Matter of International Assn. of Machinists, AFL-CIO, Lodge 2116 [Buffalo Eclipse Corp.]*, 12 AD2d 875, affd 9 NY2d 946; *Matter of Lane [Endicott Johnson Corp.]*, 274 App Div 833, affd 299 NY 725; *Matter of Municipal Housing Auth. for City of Yonkers v New York State Public Employment Relations Bd.*, 46 AD2d 911).

Petitioner's argument that respondent Allen waived his right to be evaluated by not insisting on it during the effective period of the contract is disingenuous. The way for a teacher, who is apparently getting along well with his superiors, to lose favor, is to demand his rights, including to be evaluated and given the recommendation which he claims he deserves. Respondent Allen had no reason to believe that he was not "doing all right", at least, until he was dismissed in August, 1974, because it does not appear that he had been advised or warned of any deficiency in his work.

If it be established that petitioner failed to evaluate respondent Allen, he will be entitled to some relief (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167; *Board of Educ. v Chautauqua Cent. School Teachers Assn.*, 41 AD2d 47).

The only remaining question is whether the demand for arbitration was timely. Since the collective bargaining agreement contains time provisions governing the subject of when a grievance may be filed, that question is for the arbitrator and not for the court to decide (*Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.]*, 35 NY2d 599, 606-607; *Belmont Cent. School Dist. v Belmont Teachers Assn.*, 51 AD2d 653, 654; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85, 86-87).

The order of Special Term should, therefore, be reversed and the motion to stay arbitration should be denied.

MARSH, P. J., SIMONS, DILLON and GOLDMAN, JJ., concur.

Order unanimously reversed, with costs, and motion denied.