*566 OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for a preliminary injunction in a declaratory judgment action seeking judgment declaring that there is no binding collective bargaining agreement between the plaintiff and the State of New York replacing the 1977-1979 agreement. The preliminary injunction sought would enjoin and prohibit the defendants, during the pendency of this action, from implementing and imposing on the plaintiff or any member of the bargaining unit, which plaintiff represents, any provision of an alleged contract which the State purports to have been entered into between the plaintiff and the State of New York as a successor agreement to a contract between the plaintiff and the State of New York dated April 13, 1977, and would prohibit and restrain the defendants from interfering with the rights of plaintiff and its members by representing to plaintiff’s members and others that such a contract exists.
Plaintiff, herein referred to as Council 82, is a public employee organization within the meaning of article 14 of the Civil Service Law, and is the certified negotiating representative for the Security Unit of New York employees. Council 82 and the State of New York are parties to a collective bargaining agreement which expired March 31, 1979. The parties entered into negotiations for a successor contract.
Plaintiff contends that the parties had an understanding that there would be no agreement until each and every element of the new contract was fully agreed upon and until it was ratified by the parties. Plaintiff, Council 82, further contends that there has never been any resolution or other empowerment enacted by the plaintiff pursuant to its constitution authorizing its bargaining team to enter into a binding argeement on behalf of the council. Plaintiff’s governing body, convention of the council, by resolution required a ballot system be used for a ratification vote by the membership upon any proposed contract. Plaintiff further contends that there has been no ratification of any collective bargaining agreement by the membership to succeed the 1977-1979 agreement. Plaintiff further contends that there has been no legislative action as required by subdivision 12 of section 201, and subdivisions 1 and 2 of section 204-a of the Civil Service Law before such agreement can become effective nor has any bill been introduced in the Legislature regarding the same. Plain *567 tiff therefore contends that no new collective bargaining agreement has been entered into between Council 82 and the State of New York to succeed the 1977-1979 agreement.
Plaintiff further contends that the State is publicly claiming that a new collective bargaining agreement has been agreed upon between Council 82 and the State and is threatening to impose the terms thereof and that any implementation would constitute irreparable harm to Council 82 and its membership.
Plaintiff requests this court to consider the testimony of Thomas Gibbs, Assistant Director of the Governor’s Office of Employer Relations, and of Hollis Chase, Executive Director of Council 82, rendered before this court in a contempt trial held on April 20 through 26, 1979. For that purpose this court will incorporate their testimony herein by reference.
The defendants contend this court lacks jurisdiction to entertain this matter because section 205 (subd 5, par [d]) of the Civil Service Law vests in the Public Employment Relations Board (PERB) the exclusive nondelegable jurisdiction to establish procedures for the prevention of improper employer and employee organization practices.
The Appellate Division, Second Department, in Matter of Corbin v County of Suffolk (54 AD2d 698, 700) said: "section 205 (subd 5, par [d]) of the Civil Service Law, which expressly gives to the PERB 'exclusive nondelegable jurisdiction’ to establish procedures for the prevention of improper employer and employee organization practices, including a public employer’s refusal to negotiate in good faith. Clearly, the Legislature intended an administrative and not a judicial approach to the problem of improper public employment labor practices.”
The defendants further contend that, beyond the question of jurisdiction, the relief sought constitutes an impermissible prior restraint, or an abridgment of, the defendants’ right to freedom of expression and that there is no good reason why the plaintiff herein should be permitted to publicly contend that an agreement has not been reached while defendants are prohibited from forwarding a contrary view. With this contention this court must agree and therefore this court will not restrain or enjoin the contentions of either the plaintiff or the defendants being publicly expressed. However, to enjoin or restrain the defendants from putting into effect or enforcing any of the terms of the alleged agreement is something else.
The court of Appeals in Matter of Jefferson County Bd. of *568 Supervisors v New York State Public Employment Relations Bd. (36 NY2d 534, 538) said: "Neither PERB nor the Faculty argue that section 205 (subd 5, par [d]) of the Civil Service Law is ambiguous, but, rather, both contend that PERB should have the power and authority to order specific performance of the employment contract negotiated by the parties. However, such an assertion not only flies in the face of the specific proviso of section 205 (subd 5, par [d]), but also conflicts with the legislative policy set forth in section 200 of the Civil Service Law, which states that PERB is merely 'to assist in resolving disputes’. Moreover, our attention has not been directed to any provision, as indeed it may not be, of the Civil Service Law which empowers PERB to ultimately settle any public employment labor controversy. Accordingly, we conclude that the Appellate Division correctly deleted from PERB’s order the clause which, in effect, directed the County to pay the merit increments (44 AD2d 893, 894). * * * However, PERB may not disregard an explicit legislative directive to the effect that, as in the instant situation, it is precluded from doing anything more than entering an order requiring the County to negotiate in good faith.”
It is the opinion of this court that PERB lacks the jurisdiction to interpret the facts and circumstances under which the alleged contract herein was negotiated, for the purpose of declaring whether or not the parties have reached a binding enforceable collective bargaining contract. It is this court’s further opinion that defendants’ reliance upon the PERB decision in Union Springs Cent. School Teachers Assn. (6 PERB 3074) is ill founded for PERB had no statutory authority to render such a decision. It is the further opinion of this court that this court does have jurisdiction over the subject matter of this proceeding.
It is the further opinion of this court that the plaintiff has demonstrated that it has a high probability of success on the merits in its action for a declaratory judgment and that no final agreement was reached, based upon the testimony of Thomas Gibbs, Assistant Director of the Governor’s Office of Employee Relations, incorporated herein by reference. Mr. Gibbs admitted in his testimony that there were and are many important items on which no final agreement was ever reached by the bargaining teams.
It is the opinion of this court that the plaintiff’s motion for a temporary injunction should be granted to the extent of *569 restraining the defendants during the pendency of this action, from implementing and imposing on the plaintiff or any members of the bargaining unit which plaintiff represents, any of the provisions of the alleged contract which the State purports to have been entered into between the plaintiff and the State of New York as a successor agreement to the agreement dated April 13, 1977, and the said motion be denied in all other respects.
The attorneys for the plaintiff are directed to submit an order consistent herewith on six hours’ notice to the Attorney-General’s office.