■ In the Matter of the Arbitration between BILL OF FARE, INC., Appellant, and ADAM KING, Respondent. [596 NYS2d 2] — Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 2, 1992, which denied petitioner's application for a stay of arbitration, and dismissed the petition, unanimously affirmed, without costs.

The arbitration clause, which provides for arbitration of "any disputes as to monies due under this agreement," clearly encompasses a claim for commissions earned prior to petitioner's termination of the agreement. But the clause also encompasses the claim for commissions that respondent says he would have earned had petitioner not wrongfully terminated the contract, and which would necessarily require the arbitrator to decide whether petitioner breached the agreement. Respondent's right to such prospective damages is a matter of contract interpretation to be left to the arbitrator under a broad arbitration clause *(Pearl St. Dev. Corp. v Conduit & Found. Corp.,* 41 NY2d 167, 171). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.

■ INNER CITY DRYWALL CORP., Appellant, v CITY OF NEW YORK, Respondent. [595 NYS2d 316] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 20, 1991, unanimously affirmed for the reasons stated by Gammerman, J., without costs and without disbursements. No opinion. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.