■ AVALON INTERNATIONAL TRADING CORP., Respondent, v GST RECEIVABLES MANAGEMENT CORP., Appellant. [632 NYS2d 95] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered March 22, 1995, which denied defendant's motion to compel arbitration, unanimously reversed, on the law, the motion is granted, and this action is stayed pending completion of the arbitration proceeding, without costs.

The financial services contract between the parties, which contained a broad arbitration clause, provided in part that defendant, a factoring agent, could withhold credit approval on any customer of plaintiff until plaintiff's shipment of goods to

that buyer. A dispute arose concerning the timeliness of notification of the disputed creditworthiness of a particular buyer, and defendant's alleged failure to arrange a meeting for plaintiff to negotiate a settlement with the buyer. When plaintiff refused to pay defendant its service charges under the factoring agreement, defendant terminated the agreement, resulting in the commencement of this action. Defendant's motion to compel arbitration was denied, trial term indicating that where a contract drawn by one of the parties is permeated by fraud, the arbitration clause contained therein is no more enforceable than the rest of the contract.

This record is devoid of any facts supporting the allegation that the contract was permeated by fraud. In the absence of such evidence, the question of fraudulent inducement of the contract is one for the arbitrators, not for the court (*Matter of Weinrott [Carp]*, 32 NY2d 190, 198-199; *Dolomite, S.p.A. v Beconta, Inc.*, 129 Misc 2d 857, 860).

Plaintiff's claim that the obligation to arbitrate did not survive defendant's termination of the contract is without merit. The issue of termination of a contract is itself arbitrable under a broad arbitration clause (*Matter of Cassone*, 63 NY2d 756; *Brown v V&R Adv.*, 112 AD2d 856, 861, *affd* 67 NY2d 772), and the arbitrator is free to determine damages under such a terminated contract (*Matter of Bill of Fare [King]*, 191 AD2d 344). The fact that the contract may no longer be in existence is immaterial (*Matter of Lane [Endicott Johnson Corp.]*, 274 App Div 833, *affd* 299 NY 725, *cert denied* 338 US 892); the arbitrability of such a grievance survives expiration of the agreement (*Matter of Allen v Grand Is. Cent. School Dist.*, 56 AD2d 131).

Finally, we reject trial term's erroneous conclusion that the New York choice-of-law provision in the agreement was somehow inconsistent with the provision for arbitration, thus rendering the contract ambiguous in this regard. The parties to a contract are free to invoke New York law—which happens to favor arbitration—in governance of that proceeding. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.