■ In the Matter of MARSHALL B. ALLEN, Individually and on Behalf of SARAH D. ALLEN, Appellant, v EYCHNER ASSOCIATES, INC., Respondent. [653 NYS2d 8] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered August 20, 1996, which, in a dispute involving respondent broker's right to a commission under a brokerage contract containing a broad arbitration clause, denied petitioner's application to stay arbitration, unanimously affirmed, with costs.

Questions relating to whether the contract had expired prior to respondent's performance, i.e., when the buyer first made his offer and whether petitioner's wife had apparent authority to unilaterally extend the term of the contract, are for the arbitrator (see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., 37 NY2d 91, 95-96; Avalon Intl. Trading Corp. v GST Receivables Mgt. Corp., 220 AD2d 248). Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT ESCALERA, Appellant. [653 NYS2d 315] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered May 11, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4 1/2 to 9 years, unanimously affirmed.

The trial court properly denied defendant's request for a jury charge on the lesser included offense of criminal possession of a controlled substance in the seventh degree where defendant denied the elements of such lesser included offense (People v Scarborough, 49 NY2d 364, 370). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.