■ In the Matter of SAMUEL MANDELL et al., Appellants, v FRANCIS T. PURCELL et al., Constituting the Town Board of the Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review respondents' determination, dated October 14, 1975 and made after a hearing, granting a special exception permit to the Hewlett House of Tires Corp., petitioners appeal from a judgment of the Supreme Court, Nassau County, entered April 2, 1976, which dismissed the proceeding. Judgment affirmed, with costs. The function of a court in reviewing the determination of an administrative body is limited to the question of whether the conclusion arrived at by that body has any reasonable basis in fact, based upon the record before it. We perceive nothing in the record on this appeal to warrant a disturbance of the conclusion of the respondent town board. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.

■ In the Matter of NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, Petitioner, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents. UNITED TEACHERS OF NORTHPORT, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78, to review respondents' determination, dated January 2, 1976 and made after a hearing, which found that petitioner had violated section 209-a (subd 1, par [d]) of the Civil Service Law, and directed it to negotiate with intervenor in good faith. Determination confirmed and proceeding dismissed on the merits, with costs to respondents Helsby *et al.,* constituting the Public Employment Relations Board. The decision was one founded upon a rational basis and did not constitute an abuse of the board's discretion (see *Matter of Board of Coop. Educ. Servs. of Rockland County v New York State Public Employment Relations Bd.,* 50 AD2d 832). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of GLADYS RABASCO, Respondent, v JOSEPH RABASCO, Appellant.—In a proceeding in which an order of protection was issued, the husband appeals from an order of the Family Court, Dutchess County, entered June 13, 1975, which, after a hearing, *inter alia,* found that he violated the order of protection and awarded petitioner exclusive possession of the marital premises. Order affirmed, without costs or disbursements. We hold that appellant was not denied due process of law and that the Family Court's determination is supported by the record. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of SAMUEL RATLIFF, Appellant, v WALTER FOGG, as Acting Superintendent, Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel respondents to return certain papers confiscated from petitioner, the appeal is from a judgment of the Supreme Court, Dutchess County, dated November 20, 1975, which directed that certain papers not be returned to petitioner. Judgment affirmed, without costs or disbursements. Following a hearing, and an inspection of the papers, it was determined that the papers bore no relationship to a material right of petitioner and that they had the potential for misuse to the detriment of persons named therein. We are in agreement with that determination. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.