In the Matter of the BOARD OF EDUCATION OF THE WYANDANCH UNION FREE SCHOOL DISTRICT, Appellant, v WYANDANCH TEACHERS ASSOCIATION, by JOHN O'DONNELL, as President, Respondent. (Proceeding No. 1)

BOARD OF EDUCATION OF THE WYANDANCH UNION FREE SCHOOL DISTRICT, Appellant, v WYANDANCH TEACHERS ASSOCIATION, by JOHN O'DONNELL, as President, Respondent. (Proceeding No. 2)

Second Department, July 25, 1977

*Braun, Pachman, Freidel, Oshrin & Block, P. C. (Alan D. Oshrin* of counsel), for appellant.

*Friedlander, Gaines, Cohen, Rosenthal & Rosenberg (Jeffrey P. Englander, Edward Cherney* and *Joseph S. Rosenthal* of counsel), for respondent.

SHAPIRO, J. In Proceeding No. 1, petitioner appeals from an order of the Supreme Court, Suffolk County, entered January 13, 1977, which denied its application to stay arbitration and

granted respondent's cross motion to compel arbitration. We reverse and grant a stay of arbitration.

In Proceeding No. 2, petitioner appeals from so much of an order of the same court, dated January 6, 1977, as granted respondent's motion for summary judgment upon the theory that the determination made in Proceeding No. 1 was *res judicata* as to the question raised. We reverse and grant summary judgment to appellant in accordance with this opinion.

### QUESTION PRESENTED

(1) Whether under the contract between the parties salary increments were to be continued after the expiration of the contract and during the period the parties were in negotiation over the terms of a new contract.[1]

### THE FACTS

The facts are not in dispute. They establish that appellant, the Board of Education, Wyandanch Union Free School District (Board or District) and respondent Wyandanch Teachers Association (Association) have had a long collective bargaining relationship during which time they have entered into several collective bargaining agreements. Each agreement has uniformly taken effect on the date directly succeeding the expiration date of the previous contract. The term of the most recent contract covers the period from September 1, 1973 to and including August 31, 1976.

One of the clauses contained in the collective bargaining agreement provides:

### "ARTICLE XXII SUCCESSOR AGREEMENTS

"A. On or after February 1, 1976, either party may notify the other, in writing that negotiations are required on negotiable items for the collective bargaining agreement for the succeeding school year. The notice shall set forth the times which that party desires to negotiate. Negotiating sessions shall commence within ten days of the notice initiating negotiations.

---

1. There is also a question raised by petitioner as to whether respondent complied with CPLR 7503 (subd [c]) when commencing its arbitration proceedings. We find it unnecessary to reach that issue since we hold that arbitration may not proceed.

"B. In the event a successor contract or provisions are not agreed upon on or before the termination date of the present contract or provisions, all terms of the present contract and all working conditions will remain in effect until the successor contract or provisions have been entered into. Upon agreement all salaries, benefits and working conditions will be retroactive to the termination date of the present contract or provisions."

As is evident, the quoted article, by its terms, provides a vehicle not only for a smooth and orderly transition between successive agreements, but also that if a successor agreement has not been fully agreed upon by the expiration date of the previous contract, all of the terms and conditions thereof shall remain in effect until the execution of such successor agreement.

Under the terms of the most recent agreement, the Association filed a grievance pertaining to the District's failure to pay salary increments.[2] Since the parties to the agreement failed to resolve the grievance at the initial steps of the grievance machinery as outlined in article XXI of the collective bargaining agreement, the Association, through counsel, served the Board with notices of intention to arbitrate the grievance.

The Board brought on an application to stay arbitration by notice of petition returnable some 52 days after service of it upon counsel for the Association, but thereafter the Board found it necessary to proceed by order to show cause seeking the same relief after it was advised that the American Arbitration Association would continue to process the arbitration proceeding instituted by the Association in the absence of a court order staying that proceeding.

After inviting the parties to submit further papers "on the effect resolution of the issues before the Court will have on the parties in the crucible of the bargaining table and in their ongoing employment relations", Special Term denied the Board's application to stay arbitration and granted the Association's cross motion to compel arbitration of the afore-mentioned grievances by an order which reads, in part: "ORDERED and ADJUDGED, that the Collective Bargaining Agreement between the parties hereto shall remain in full force and binding effect upon the parties so long as the parties continue

---

2. The grievance also included the District's failure to note one teacher's sick leave credit in her personnel file. However, the parties have abandoned that claim for it is not briefed. We therefore do not treat with it.

to negotiate in good faith and until a successor agreement is reached between the parties hereto".

In the interim, between the return date of the Board's application for a stay and the date upon which Special Term rendered its decision, the Association moved for summary judgment dismissing the Board's complaint (Proceeding No. 2), which sought a declaratory judgment as to the effect to be given article XXII of the collective bargaining agreement pending execution of a successor agreement. Mr. Justice STARK, at Special Term, granted the Association's motion, holding that "[t]he finding by Judge DeLuca as to the validity of the [continuation] clause is res judicata and is determinative of the instant action."

Prior to the Board's filing of the application to stay arbitration (as well as subsequent thereto), negotiations between the parties aimed at a successor agreement had proceeded in an ongoing manner under the aegis and close supervision of the New York State Public Employment Relations Board.

The parties have stipulated that the instant appeal shall be dispositive of both the Board's application to stay arbitration and its declaratory judgment action.

### ANALYSIS OF ARGUMENTS

Appellant's first contention is that the contract in question is of indefinite duration and therefore contrary to public policy and void. Appellant cites the recent cases of *Matter of Niagara Wheatfield Administrators Assn. (Niagara Wheatfield Cent. School Dist.)* (54 AD2d 498) and *Matter of Corbin v County of Suffolk* (54 AD2d 698) for the proposition that an indefinite contract is against public policy. While such a proposition is true in its broadest, most general sense, a closer scrutiny of the facts in each of those cases is warranted.

In *Niagara* the court was required to rule on the validity of a contract between the parties wherein the following paragraph is found (p 499): "The current negotiated agreement * * * between the Board of Education and the * * * [petitioner] shall remain in effect until modified or changed by mutual agreement in subsequent negotiations." The school district had proceeded to arbitration concerning an alleged failure to pay *increments* after the contract expired. The district lost in arbitration and the award was confirmed by Special Term.

In its argument to the Appellate Division, the district asserted, for the first time, that the contract was against public policy and therefore void and illegal. The Fourth Department rejected the association's argument that such contention could not for the first time be raised on appeal, saying that it could take notice of an illegality where the transaction is against public policy even though not raised in the court below. In vacating the arbitrator's award and remitting the matter to the arbitrator for reconsideration, the court said (p 502): "The contract in the case at bar had run two years, and the arbitrator held that paragraph D of article II had a continuing effect, 'until a new contract is agreed to by the parties'. Such construction puts the board at a serious disadvantage and requires it to negotiate upon petitioner's terms *or continue indefinitely the compensation index contained in the 1973-1975 contract. As so construed, we conclude that such paragraph D is against public policy and hence void* [emphasis in original]. * * * As an abstract principle of law, we conceive that an award favorable to petitioner, albeit less so than the vacated award, could be made by the arbitrator by determining, for example, that paragraph D of article II of the *agreement shall remain in effect for a reasonable time* after June 30, 1975, in which the board and petitioner may negotiate a new contract" (emphasis added). Thus, the court in *Niagara,* while disapproving of indefinite contracts, acknowledged the validity of a contract whose duration is limited by nothing more specific than a "reasonable time".[3]

In *Corbin,* the collective bargaining contracts between the County of Suffolk and petitioner had expired and the parties were attempting to negotiate new contracts. During negotiations the county continued the *status quo* by honoring the terms of the expired contract, *but not with respect to the salary increment provisions.* This court held that the provisions for salary increments in an expired contract were no longer in effect, hence the employer could not be required to honor them.

In the present case the court is confronted with a collective bargaining agreement which, by its own terms, has expired

---

3. Since the determination in that case, the Court of Appeals, in *Haines v City of New York* (41 NY2d 769, 772) held that the rule that where the parties have not clearly specified the length of a contract it is deemed to continue for a reasonable time does not "[f]or compelling policy reasons" apply "to contracts of employment". Of course, collective bargaining agreements are contracts of employment.

but which, unlike *Corbin,* contains an express survivorship proviso. Thus *Corbin* has little, if any, bearing on this case.

Appellant, in support of its position, contends that since there is no binding obligation upon it to enter into a successor agreement, there is no way to ever bring an end to the existing contract absent consent of the Association. In this connection, however, appellant overlooks the fact that Mr. Justice DE LUCA's order upholds the survivorship clause only so long as good faith negotiations occur between the parties. It is logical to assume that if such negotiations ceased prior to the reaching of a new agreement, appellant would be relieved of its obligations under the original agreement.

Respondent argues that the subject of continuation clauses is a permissible topic for negotiation and that while boards of education are not compelled by the Taylor Law to enter into collective bargaining with regard to that subject, once agreement has been reached with regard thereto, the parties are bound by such a provision and are estopped from attacking its validity. In the case at bar, it argues, the parties originally negotiated for and entered into a continuation clause and therefore they should not now be allowed to sidestep that agreement.

After the submission of briefs in this cause, the Court of Appeals, on May 12, 1977, decided a case, the reasoning of which, in our opinion, is dispositive of this appeal *(Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.,* 41 NY2d 753).

There, unlike our case, the court was dealing with an agreement which did not contain a survivorship clause pending the entry into a new contract. The case is therefore factually not on all fours, but its reasoning, it seems to us, disposes of the contention urged by the respondent that, pending the entry into a new contract, it is entitled to continue to receive *salary increments* in accordance with the terms of the expired contract. That is the only issue, as limited by its brief, that respondent here seeks to have determined by arbitration. In the *Rockland County* case *(supra,* pp 754-755) the court stated the issue and its conclusion in the following language:

"We hold that, after the expiration of an employment agreement, it is not a violation of a public employer's duty to negotiate in good faith to discontinue during the negotiations for a new agreement the payment of automatic salary incre-

ments, however long standing the practice of paying such increments may have been. Accordingly, it was error for the Public Employment Relations Board (PERB) to order the petitioner in this proceeding to negotiate in good faith because of its failure to pay increments after expiration of an employment agreement. * * *

"At the hearing, BOCES raised an affirmative defense that the right to the salary increments was extinguished when the most recent agreement expired on June 30, 1974. This argument was rejected by the hearing officer, who reasoned that the duty of an employer to maintain the *status quo* during the course of negotiations is not directly concerned with whether or not contractual obligations survive a contract's expiration. Authority for this reasoning was based on PERB's decision in *Matter of Triborough Bridge and Tunnel Auth.* (District Council 37 & Local 1396) (5 PERB 3064 [1972])."

The Court of Appeals went on to hold (pp 758-759): *"To say that the status quo must be maintained during negotiations is one thing; to say that the status quo includes a change and means automatic increases in salary is another.* The matter of increments can be negotiated and, if it is agreed that such increments can and should be paid, provision can be made for payment retroactively. *The inherent fallacy of PERB's reasoning is that it seeks to make automatic increments a matter of right, without regard to the particular facts and circumstances by establishing a rule that failure by a public employer to continue such increments during negotiations is a violation of the duty to negotiate in good faith. No such principle appears in the statute, nor should one exist by administrative fiat.* Therefore, without expressing complete disapproval of the 'Triborough Doctrine', we hold that it was error for PERB to determine that BOCES had violated its duty to negotiate in good faith solely because of its failure to pay increments after the expiration· of an employment agreement." (Emphasis supplied.)

While, as we have noted, the respondent in the *Rockland County* case sought to collect salary increments after the expiration of a contract which did not contain a survivorship clause, and here the contract does have such a clause, we interpret the broad language of the Court of Appeals to void any attempt to compel the payment of increments under an expired contract even though that contract is deemed, for

other purposes, to continue in effect. As Judge COOKE said in the *Rockland County* case, speaking for a unanimous court (p 758): "The concept of continual successive annual increments, however, is tied into either constantly burgeoning growth and prosperity on the part of the public employer, or the territory served by it, or a continuing general inflationary spiral, without admeasurement either of the growth or inflation and without consideration of several other relevant good faith factors such as comparative compensation, the condition of the public fisc and a myriad of localized strengths and difficulties. In thriving periods the increment of the past may not squeeze the public purse, nor may it on the other hand be even fair to employees, but in times of escalating costs and diminishing tax bases, many public employers simply may not be able in good faith to continue to pay automatic increments to their employees."

We apply the reasoning of Judge COOKE to the facts in this case. As a consequence, in Proceeding No. 1 the order should be reversed and the application to stay arbitration granted. In Proceeding No. 2 the order should be reversed and judgment should be granted to appellant declaring article XXII of the collective bargaining agreement to be invalid insofar as it is deemed to pertain to the payment of salary increments after the expiration of the agreement and during the negotiations for a new agreement.

HOPKINS, J. P., MARGETT and SUOZZI, JJ., concur.

Order of the Supreme Court, Suffolk county (in Proceeding No. 1), entered January 13, 1977, reversed, on the law, without costs or disbursements, application to stay arbitration granted and cross motion to compel arbitration denied.

Order of the Supreme Court, Suffolk County (in Proceeding No. 2), dated January 6, 1977, reversed insofar as appealed from, on the law, without costs or disbursements, and summary judgment is granted to petitioner declaring that article XXII of the collective bargaining agreement is invalid insofar as it may be interpreted to require the payment of salary increments after the expiration of that contract and during the negotiations for a new agreement.