■ ROBERT M. POPE, Individually and as President of the Court Officers Benevolent Association of Nassau County, Appellant, v RICHARD J. BARTLETT, as State Administrative Judge, Respondent.—In an action, *inter alia,* for a declaratory judgment, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered March 26, 1979, as, on cross motions for summary judgment addressed to the first cause of action, (1) denied plaintiff's motion, (2) granted defendant's cross motion, and (3) directed that the first cause of action be dismissed. Judgment modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision directing judgment in favor of the defendant declaring that section 39 of the Judiciary Law does not require the continuation of automatic annual salary increases and longevity steps incorporated into the contractual "Graded Service Salary Plan" beyond the expiration date of the applicable collective bargaining agreement. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In our

view, it was never the intent of the Legislature in enacting section 39 of the Judiciary Law (formerly § 220) to bestow upon those employees transferred onto the State payroll by virtue of its provisions greater rights vis-à-vis the State under their collective bargaining agreements than they would have had had they remained with their original employers (see *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.* 41 NY2d ` 753; *Matter of Board of Educ. v Wyandanch Teachers Assn.,* 58 AD2d 474). However, although we agree with the determination of Special Term on the merits of the instant controversy, it was improper for the court to dismiss the complaint in this action for a declaratory judgment rather than declaring the rights of the respective parties *(Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.