■ In the Matter of the Arbitration between MAPLEWOOD-COLONIE COMMON SCHOOL DISTRICT, Respondent, and MAPLEWOOD TEACHERS' ASSOCIATION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered March 26, 1981 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties. In 1977, the Board of Trustees of the Maplewood-Colonie Common School District (school board) and the Maplewood Teachers' Association (association) entered into a collective bargaining agreement effective until September 1, 1980. Section 25.3 of the contract provided that "If no Agreement is reached prior to September 1, 1980 then the existing Agreement is still valid and in effect". The agreement also obligated the school board to pay its teaching personnel an annual salary increment at the beginning of each school year. When the parties failed to negotiate a new contract by September 1, 1980, the school board refused to pay the salary increments to the association's members. When the written grievance filed by the association could not be resolved, the association filed a demand for arbitration. The school board commenced the instant proceeding to stay arbitration (CPLR 7503, subd [b]). Special Term, concluding that the payment of automatic salary increases authorized by an expired agreement during the course of negotiations for a

successor contract violated the public policy of the State of New York, granted the school board's application to stay arbitration. This appeal by the association ensued. Subsequent to the filing of the notice of appeal by the association and prior to oral argument before this court, we were advised that the parties have negotiated a successor contract to the agreement that is the subject of this appeal. Although an appeal will generally be considered moot unless the rights of the parties will be directly affected by the determination of the appeal (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707), an exception to the doctrine of mootness permits the courts to preserve for review cases which involve a likelihood of repetition, either between the parties or among other members of the public (*id.,* at p 714). Here, the parties have negotiated a successor agreement which contains a contract continuation clause identical to the one that is central to the present dispute. Accordingly, we conclude that this appeal should be preserved as an exception to the mootness doctrine. We affirm the judgment of Special Term. Initially, we reject the association's contention that the "public policy" argument was prematurely raised by the school board in the proceeding to stay arbitration. While it is true that an arbitrator's broad power to fashion appropriate relief may not be presumed in advance to necessarily entail public policy conflicts that would jeopardize the public employer's effectiveness to manage the public's affairs, and, accordingly, make judicial intervention by way of a stay of arbitration inappropriate (*Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411), when, as here, the public policy issue urged by the school board is not speculative, but rather is narrow in scope, and, equally as important, has been judicially resolved, then such an issue is timely argued in an application to stay arbitration. Turning to the merits of whether the school board's refusal to pay salary increments provided in the expired contract manifests a lack of good faith to negotiate, we conclude that it does not. In *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.* (41 NY2d 753), the Court of Appeals determined that where, as here, there occurs the nonpayment of salary increments by a school board after expiration of an employment agreement and during negotiations for a new agreement, however long standing the practice of paying increments may have been and regardless of whether such increments were provided for in the expired agreement, such action by a school board does not constitute a lack of good faith by the school board (*id.,* at p 757). This holding by our highest court abridges the so-called "Triborough Doctrine" which holds it to be a tenet of good faith for a public employer not to unilaterally alter the terms and conditions of employment during negotiations. Where, as here, the payment of increased salaries is the term or condition of employment, recognition must be given to the ability or lack thereof of public employers to meet increased money demands after the expiration of a contract providing for such increases during its term. If the ongoing negotiations for a successor contract indicate that the school board can pay the larger wages, provision can always be made for payment retroactively. To hold otherwise and make incremental payments, as distinguished from other contract provisions, mandatory during the period between the expiration of one contract and the execution of a successor agreement, even where, as here, the expired contract contained a survivorship clause, does not operate to preserve an existing relationship between the parties, but extends that relationship and gives to the association an edge that makes negotiation of annual salary increments that much more difficult (*id.,* at p 758; see, also, *Matter of Board of Educ. v Wyandanch Teachers Assn.,* 58 AD2d 474). Judgment affirmed, with costs. Mahoney, P. J., Yesawich, Jr., and Weiss, JJ., concur.

Kane and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). While this appeal was pending, the court was advised by the respective parties that a contract which constitutes the successor agreement to the one involved here has been entered into and, accordingly, in our opinion, the appeal is moot. However, since the majority decision considers the merits of the appeal, we must do likewise. It is certain that the Court of Appeals has held that as to the *"status quo"* to be maintained between public employees and employers in this State following the expiration of a contract, it would be contrary to public policy to require the employer to include in such *status quo* salary increases and/or other items automatically increasing economic benefits to employees. (*Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.,* 41 NY2d 753.) In *Rockland* (*id.,* at pp 758, 759), the court stated: "The inherent fallacy of PERB's reasoning is that it seeks to make automatic increments a matter of right, *without regard to the particular facts and circumstances,* by establishing a rule that failure by a public employer to continue such increments during negotiations is a violation of the duty to negotiate in good faith. No such principle appears in the statute, nor should one exist by administrative fiat." (Emphasis added.) However, we find nothing in the *Rockland* case or in the case of *Matter of Board of Educ. v Wyandanch Teachers Assn.* (58 AD2d 474) which would reasonably support the conclusion that *Rockland* was intended to apply to cases where the parties had expressly agreed that the terms of a contract would extend beyond its normal expiration date until a new agreement was made. In the present case, the parties have expressly agreed to the terms of the contract entered into in 1977 and it *had not yet* expired. The contract in question stated: "If no Agreement is reached prior to September 1, 1980 then the existing Agreement is still valid and in effect." That clause, to our way of thinking, has to be interpreted to mean the same as the interpretation of any other clause in the contract. Accordingly, we would reverse Special Term's determination on the merits and deny petitioner's application to stay arbitration.